Anthony James REED, Appellant,

v.

The STATE of Texas.

No. 1410–01.

Court of Criminal Appeals of Texas.

May 14, 2003.

Robert H. Rogers, Dallas, for appellant.

Katherine A. Drew, Assist. DA, Dallas, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, and HOLCOMB, JJ., joined.

Appellant was convicted of aggravated assault. TEXAS PENAL CODE § 22.02(a)(2). The jury assessed punishment at 20 years confinement and a $10,000 fine. Appellant appealed the conviction stating that the trial court improperly charged the jury by including the mental state of recklessness when the indictment alleged only the mental states of intentionally and knowingly. The Court of Appeals affirmed the trial

court's judgment. We granted review to determine whether the trial court improperly broadened the indictment by including "recklessly" in the jury instructions when the indictment alleged "intentionally" and "knowingly." In addition to the aggravated assault charge that is the subject of this appeal, appellant was also charged with and convicted of murder arising from the same shooting incident.[1] Testimony indicates that on June 20, 1999, Sheree Allen, Anita Gaitlin, and her sister, Corrina Gaitlin, were walking down the street with their friend, Coartne Robinson, when appellant came from behind a fence and began shooting. Robinson was struck 14 times and died of multiple gunshot wounds at the scene. Allen and the Gaitlin sisters ran, but Anita Gaitlin was struck in the leg by a bullet as she was running away. Anita Gaitlin stated that she was not sure whether or not appellant meant to shoot her. Testimony also indicated that Anita Gaitlin had a previous sexual relationship with appellant and that she and her sister were able to recognize him and identify him as the shooter. As a result of the identification, appellant was arrested and charged with the murder of Coartne Robinson and the aggravated assault of Anita Gaitlin. Omitting the formal parts, the indictment for the aggravated assault stated that the defendant did "unlawfully then and there intentionally and knowingly cause bodily injury to ANITA GAITLIN, hereinafter called complainant, by shooting said complainant, and said defendant did use and exhibit a deadly weapon to-wit: a firearm, during the commission of the assault."

At the end of the guilt phase of the trial, the trial judge briefly excused the jury while he drafted the instructions. He then stated:

> THE COURT: Let's get something on the record. In the aggravated assault case, the lesser mental state is recklessly. And I'm going to put in the charge intentionally, knowingly or recklessly caused the bodily injury. That's going to be in there.

Appellant objected to the inclusion in the charge of the lesser mental state of recklessly that was not alleged in the indictment.

> [APPELLANT]: We would object to the charge that's going to be—to the proposed charge being submitted to the jury on the aggravated assault offense, in that it includes a culpable mental state that was not alleged by the State in the charging instrument.

The instructions were presented to the jury including the lesser mental state of recklessly. The relevant portion says:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of June, A.D., 1999, in Dallas County, Texas, the defendant, ANTHONY JAMES REED, did then and there intentionally or knowingly or recklessly cause bodily injury to ANITA GAITLIN, hereinafter called complainant by shooting said complainant, and said defendant did use or exhibit a deadly weapon, to-wit: a firearm, during the commission of the offense, then you will find the defendant guilty of Aggravated Assault with a deadly weapon as charged.

The jury found appellant guilty of the offense of aggravated assault with a deadly weapon. Appellant appealed arguing that the trial court improperly charged the jury

---

1. The jury assessed punishment of 50 years' confinement and a fine of $10,000 in the murder case.

by including the mental state of recklessness.

The Court of Appeals held that "because 'recklessly' is included in the mental states of 'knowingly' and 'intentionally,' the trial court could properly charge the jury to convict appellant of aggravated assault if it found he acted intentionally, knowingly, or recklessly." *Reed v. State*, No. 05–00–00472–CR, Slip Op. at 7, 2001 WL 533802 (Tex.App.-Dallas May 21, 2001) (not designated for publication). The Court relied on *Rocha v. State*, 648 S.W.2d 298, 302 (Tex.Crim.App.1982), which held that it was not error to submit a charge authorizing conviction of the lesser included offense of aggravated assault upon a finding of the lower culpable mental state of "reckless" even though the indictment alleged the higher culpable mental states of "intentional" and "knowing" for the greater offense of attempted murder. The court also cited *Zuliani v. State*, 903 S.W.2d 812, 816 (Tex.App.-Austin 1995, pet. ref'd), as holding that the jury was authorized to convict the appellant for recklessly causing serious bodily injury to a child when he was charged by indictment with intentionally and knowingly causing serious bodily injury to a child because "reckless" is a lesser culpable mental state than "intentionally" or "knowingly."[2]

Appellant argues that the Court of Appeals erred in relying on *Rocha* because *Rocha* involved the submission of a lesser included offense instruction to the jury. In this case, however, there were no lesser included offenses, as determined by Texas Code of Criminal Procedure Article[3] 37.09,[4] and the jury charge did not contain a lesser included offense instruction. Rather, the jury instruction added to the charged offense a lesser culpable mental state than what was included in the indictment. Appellant contends that this case is controlled by *Wilson v. State*, 625 S.W.2d 331 (Tex.Crim.App.1981), instead because *Wilson* addresses the issue of errors in the jury instructions for the charged offense rather than errors in the lesser included offense instructions covered in *Rocha*.

The State argues that the Court of Appeals did not err by affirming the trial court's inclusion of "reckless" in the jury instructions. Because recklessly is a lesser culpable mental state than intentionally and knowingly, the State contends that it is analogous to a lesser included offense. In a post-submission amicus brief submitted by the State Prosecuting Attorney, the State contends that aggravated assault committed with a reckless culpable mental state is a lesser included offense of aggravated assault committed intentionally or knowingly.[5] Thus, because the offense

**2.** Texas Penal Code Section 6.02(d) and (e)

**3.** Unless otherwise specified, all future references to Articles refer to Texas Code of Criminal Procedure.

**4.** An offense is a lesser included offense if:
(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

**5.** The State Prosecuting Attorney states that Article 37.09 "makes no mention, much less requires, that either (1) a lesser-included offense must differ in name or designation from the charged offense, or (2) a lesser-included offense must be subject to a lesser range of punishment than the charged offense."

charged in the indictment impliedly includes lesser included offenses, if the evidence shows that a defendant committed a lesser included offense then the instructions to the jury can include the lesser included offense even if it was not the offense listed in the indictment. The State admits that the way the charge in this case was worded did not follow the usual manner by which the issue of a lesser included offense is submitted to the jury. A charge containing a lesser included offense usually says that the jury can consider a lesser included offense if the defendant is acquitted of the charged offense. However, in this case, no lesser included offense instructions were requested by the parties.[6]

There are several possible results that can occur when a culpable mental state that was not in the indictment is included in the charge. First, the inclusion of a lower culpable mental state that is not listed in the statute may allow conviction for conduct that is not prohibited by the law. For example, if the statute requires the culpable mental state of "intentionally" but the charge allows conviction for "recklessly" then there is error if recklessly committing the act does not constitute an offense. In *Alvarado v. State*, 912 S.W.2d 199, 216 (Tex.Crim.App.1995), this Court held that there was error in a charge which authorized the jury to find the defendant guilty if it found that he knowingly caused the victim's death during the course of robbery although he was charged with capital murder, which requires that the defendant intentionally caused the death while in the course of robbery. *See also Hutchins v. State*, 590 S.W.2d 710 (Tex.Crim.App.1979); *Hawkins v. State*, 579 S.W.2d 923 (Tex.Crim.App.1979); *Dowden v. State*, 537 S.W.2d 5 (Tex.Crim. App.1976) (error for the jury charge to allow a robbery conviction for recklessly threatening or placing victim in fear of imminent bodily injury or death, which is not an offense under the laws of this State).

Second, the inclusion of a lesser culpable mental state may allow conviction for an offense under a theory that was not alleged in the indictment. In *Lampkin v. State*, 607 S.W.2d 550 (Tex.Crim.App. 1980), the indictment charged the defendant with intentionally and knowingly causing serious bodily injury. The jury instructions also authorized a robbery conviction if they found that he recklessly caused bodily injury or threatened or placed the victim in fear of imminent bodily injury or death. We held that this was error.

Third, the inclusion of a lower culpable mental state in the jury instructions may refer to a lesser included offense of the offense charged in the indictment. In *Little v. State*, 659 S.W.2d 425, 426 (Tex.Crim. App.1983), we held that it was not error for the charge to authorize conviction of the lesser included offense of robbery upon a finding of the lower culpable mental state of recklessness although the indictment alleged the greater offense of aggravated robbery by intentionally and knowingly causing serious bodily injury. *See also Rocha*, 648 S.W.2d at 301; *Zuliani*, 903 S.W.2d at 816.

Finally, the inclusion in the jury instructions of a lower culpable mental state than that charged in the indictment can lead to the possibility that the defendant was convicted of an offense that is allowed under the statute but was not alleged in the indictment. This issue arose in *Wilson v. State*, 625 S.W.2d at 333, where the defendant was indicted for aggravated robbery

6. However, this opinion does not resolve the issue of whether a lesser included offense instruction would be available in an appropriate case.

with the culpable mental states of intentionally and knowingly. We found error because the application paragraph of the jury charge allowed him to be convicted of aggravated robbery if the jury found that he acted intentionally, knowingly, or recklessly.

The issue in *Wilson* is identical to the case before us. Appellant was charged in the indictment with intentionally and knowingly causing bodily injury to Anita Gaitlin by shooting her and by using and exhibiting a deadly weapon during the commission of the assault. This constitutes aggravated assault under Texas Penal Code Section 22.02(a)(2) which states:

> (a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:
>
> > (2) uses or exhibits a deadly weapon during the commission of the assault.

Section 22.01 refers to assault and states:

> (a) A person commits an offense if the person:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

So, the statute allows conviction of aggravated assault if the person recklessly caused bodily injury to another and used or exhibited a deadly weapon during the assault. However, this was not charged in the indictment. The indictment charged appellant only with intentionally and knowingly causing bodily injury to another and using or exhibiting a deadly weapon during the assault. Thus, while the jury instructions authorized conviction of an offense that is allowed under the statute, it was not an offense for which appellant was indicted.

The cases relied on by the Court of Appeals can be distinguished from the case before us. In *Little*, this Court recognized the difference between *Wilson* and *Rocha*.

We noted that in *Wilson*, the defendant was convicted of the charged offense. Because the jury was instructed on a lesser culpable mental state than those alleged in the indictment, we found error. In *Rocha*, however, we held that it was not error to submit a charge authorizing conviction of the lesser included offense upon a finding of the lower culpable mental state of recklessness. *Little*, 659 S.W.2d at 426. Thus, the difference between the two cases is that *Wilson* deals with the charged offense while *Rocha* deals with a lesser included offense. Because *Little* dealt with a lesser included offense, *Rocha* controlled in that situation. *Zuliani* also covers a lesser included offense because the injury to a child statute provides different punishment ranges for each culpable mental state. Therefore, although the indictment charged the defendant with intentionally and knowingly causing serious bodily injury to a child, the jury instructions allowed the jury to find him guilty of the lesser included offense of recklessly causing serious bodily injury to a child. This lowered the offense from a first degree felony, as charged in the indictment, to a third degree felony. *Zuliani*, 903 S.W.2d at 816.

The State argued that the Court of Appeals did not err by relying on *Rocha* and *Zuliani* because the current case could also be treated as a lesser included offense. However, because neither party requested a lesser included offense jury instruction and the lesser included offense issue was not raised at trial, we will not decide this case based on an issue that was not presented to the trial court or preserved for appeal. The failure to request a lesser included offense instruction in the jury charge precludes the State's use of Articles 37.08 and 37.09(3) to now bring in the culpable mental state of recklessness that was not alleged in the indictment. Article 37.09 determines whether an of-

fense is a lesser included offense. It states in part that an offense is a lesser included offense if it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. This must be read in conjunction with Article 37.08 which says: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Thus, a conviction for a lesser included offense requires not only a lesser included offense instruction to the jury, but also an acquittal for the charged offense, neither of which are present in this case. Because this issue was not presented to the trial court as a lesser included offense, *Rocha* was incorrectly relied upon by the Court of Appeals. Instead, the reasoning in *Wilson* applies to the case before us.

■ Similarly, the State's failure to allege recklessness in the indictment and subsequent failure to allege the act or acts relied upon to constitute recklessness preclude the inclusion of recklessness in the jury charge. Under Article 21.15,

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

Article 21.15 does not keep the parties from submitting a lesser included offense with a reckless culpable mental state to the jury. However, when recklessness is left out of the indictment for the charged offense, and no lesser included offense is submitted to the jury (as in this case and in *Wilson*) then Article 21.15 precludes the inclusion of recklessness or criminal negligence in the jury instructions for the charged offense.

Section 6.03 of the Texas Penal Code separately defines the culpable mental states and the conduct described by each is different. Reckless conduct is different from knowing conduct and from intentional conduct, as indicated by section 6.03 and as defined in the instructions to the jury. Although appellant was charged with intentionally and knowingly shooting Anita Gaitlin, the jury instructions allowed him to be convicted for recklessly disregarding the risk that one of the shots he fired at Robinson may have hit someone else. Therefore, the jury instructions expanded the indictment. It is possible that the jury found appellant guilty of recklessly causing the bodily injury, which is conduct that was not alleged in the indictment.

We are not holding that appellant was charged with a different or separate offense than that which he was possibly convicted of, rather we are saying that either the indictment should have accurately listed the applicable mental states or the charge should have limited the jury instructions to the mental states alleged in the indictment.

We hold that the trial court improperly broadened the indictment by including "recklessly" in the jury instructions when the indictment alleged "intentionally" and "knowingly." Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals to determine harm.

KELLER, P.J., and WOMACK and HERVEY, JJ., concurred in the judgment.

JOHNSON, J., filed a concurring opinion.

COCHRAN, J., dissented.

JOHNSON, J., concurring.

In the Penal Code, there are a number of offenses that differ only in the required mental state, and because of the required mental state, have different ranges of punishment. E.g., murder under section 19.02(b)(1) (intentionally and knowingly causes the death of an individual; 1st degree felony) and manslaughter under section 19.04 (recklessly causes the death of an individual; 2nd degree felony); criminal mischief under section 28.03 (intentionally and knowingly damages or destroys property of another without consent; Class A, B, or C misdemeanor, depending on amount of damage) and reckless damage or destruction under section 28.04 (recklessly damages or destroys property of another without consent; Class C misdemeanor regardless of amount of damage). Other offenses have no required mental state, such as intoxication offenses (section 49.11). For other offenses, such as sexual assault under sections 22.011 or 22.021, "reckless" commission borders on the absurd. For other offenses, such as the one here, mental state is more similar to "manner and means" than to "lesser-included offense."

By the very use of the word "lesser," the term connotes an act that is less blameworthy and, therefore, subject to lesser censure and a lesser punishment. If this were not so, we would use the term "included offense" instead. Texas statutes bear this out: misdemeanor theft involves a smaller loss than the higher felony charge; misdemeanor assault involves lesser injury than the felony, aggravated assault. While the statute says that "lesser-included offense" includes an offense that "differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission ...," to say that a less culpable mental state is sufficient, in and of itself, leads to absurd results.

The offense alleged by the indictment in this case, aggravated assault, Penal Code § 22.02(a),defines the elements of that offense as:

1) an assault as defined in § 22.01 ("intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse"); and

2) "causes serious bodily injury to another, including the person's spouse...."

In this case, the indictment alleged only intentionally and knowingly, thereby restricting the elements of the offense to "intentionally and knowingly causes serious bodily injury to another." It cannot be denied that bodily injuries which cause death are serious. If we are to determine whether an offense is a lesser-included one based *solely* on whether it requires a less culpable mental state, then, under this indictment, manslaughter, Penal Code § 19.04 ("A person commits an offense if he recklessly causes the death of an individual.") is a lesser-included offense of aggravated assault. It is at least arguable that, under the indictment at issue here, murder under § 19.02(b)(2)("intends to cause serious bodily injury and commits an act clearly dangerous to human life .that causes the death of an individual") is also a lesser-included offense of aggravated assault.

The Legislature has shown itself able to explicitly delineate what behavior shall constitute an offense and what shall not. In the statute at issue here, the legislature decreed that recklessly causing injury is an offense, while recklessly threatening injury is not.

Section 22.01 Assault.

(a) A person commits an offense if the person:

    (1) intentionally, knowingly, or recklessly causes bodily injury to another

    . . .

    (2) intentionally or knowingly threatens another with imminent bodily injury . . . or

    (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Section 22.02. Aggravated Assault

(a) A person commits an offense if the person commits assault as defined in Section 22.01 and. . . .

The prescribed punishment ranges appear to be based on harm to another, rather than on mental state. An offense under § 22.01(a)(1) requires physical injury and is punishable as a Class A misdemeanor, while (a)(2) and (a)(3) do not involve physical injury and are punishable by fine only. Clearly, (a)(2) and (a)(3) are lesser-included offenses of (a)(1), because they are proved by less than all the facts required to prove (a)(1), specifically, physical injury. Subsection (a)(1) however, prescribes the same punishment for all three included mental states, indicating that the gravamen of assault under (a)(1) is injury, not the manner in which it was inflicted, whether intentionally, knowingly, or recklessly.

Notice requirements mandate that manner and means be plead in the indictment so that the defendant has an adequate opportunity to prepare and present a defense. The state cannot allege murder by knife, prove murder by slow poison, and still obtain a valid conviction. Here, the state gave notice that the manner of commission was knowingly and intentionally. It may not now rely on recklessly. In-deed, that reliance is foreclosed by the state's failure to comply with the specific notice requirements of Code of Crim. Proc. Art. 21.15.

I join the judgment of the Court.