11th Court of Appeals
Eastland, Texas
Opinion
 
David Pedraza Figueroa
            Appellant
Vs.                  No. 11-03-00191-CR – Appeal from Harris County
State of Texas
            Appellee
 
            The jury convicted David Pedraza Figueroa of aggravated robbery and assessed his
punishment at confinement for 25 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which she states that she has
thoroughly read the entire record three times combing for errors that were preserved and that would
support the prosecution of this appeal. Counsel states that she has reviewed all the contested issues
at trial, including the lesser included offense of robbery, the motion to suppress identification
testimony and identification procedures, and the disqualification of a potential juror. Counsel
concludes that, after researching the applicable law, she has found no reversible error. Counsel states
that the appeal is without merit and is frivolous. 
            Counsel has furnished appellant with a copy of the brief and advised appellant of his right to
review the record and file a pro se brief. A pro se brief has not been filed. Counsel has complied with
the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516
S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            Following the procedures outlined in Anders, we have independently reviewed the record. 
Jacinto Jauregui testified that appellant held a revolver to his head and demanded his wallet and his
money. Jauregui identified appellant not only in a videotape lineup but also in open court. The
evidence is both legally and factually sufficient to support the conviction. Jackson v. Virginia, 443
U.S. 307 (1979); Vasquez v. State, 67 S.W.3d 229 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d
283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jackson v. State, 17
S.W.3d 664 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
922 S.W.2d 126 (Tex.Cr.App.1996). 
            We agree with appellate counsel’s conclusions that no error occurred in the submission of only
the offense of aggravated robbery to the jury, that the video lineup was not impermissibly suggestive
and that the in-court identification was made independent of the video lineup, and that no error
occurred when the trial court dismissed 11 potential jurors who had been challenged for cause. The
record does not support the submission of a lesser included offense. TEX. CODE CRIM. PRO. ANN.
art. 37.09 (Vernon 1981); Reed v. State, 117 S.W.3d 260 (Tex.Cr.App.2003). The record does
support the determinations that the video lineup was not impermissibly suggestive and that the in-court identification was based on Jauregui’s observations of appellant during the aggravated robbery. 
Barley v. State, 906 S.W.2d 27 (Tex.Cr.App.1995); Delk v. State, 855 S.W.2d 700
(Tex.Cr.App.1993). The record further supports the trial court’s rulings on the potential jurors
challenged for cause. Mooney v. State, 817 S.W.2d 693 (Tex.Cr.App.1991).
            After reviewing the entire record before this court, we find that trial counsel afforded appellant
reasonable assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State,
988 S.W.2d 770 (Tex.Cr.App.1999); Stafford v. State, supra. We agree that the appeal is without
merit.
            The judgment of the trial court is affirmed.
 
                                                                                                PER CURIAM
 
April 29, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.