NO. 07-03-0160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 24, 2005

_____

CARL WILEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438359; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Carl Wiley appeals his conviction for aggravated assault with a deadly weapon. We will address only appellant's sixth issue, relating to jury charge error, as it is dispositive. *See* TEX. R. APP. P. 47.1. We sustain the issue, reverse the judgment, and remand this cause to the trial court for further proceedings.

## Background

Only those facts relevant to the dispositive issue in this case will be addressed. Appellant was tried for aggravated assault with a deadly weapon for ramming his car into the automobile of his estranged wife. Following the evidentiary portion of the trial, a charge conference was held. The trial court's proposed jury charge indicated that a person commits an assault if he intentionally, knowingly or recklessly threatens imminent bodily injury to another.[1] Appellant's counsel objected that the proposed charge omitted two lesser included offenses, but did not object to the inclusion of recklessness as a mental state sufficient to support a conviction for assault. The charge submitted to the jury included recklessness within the mental states sufficient to constitute the offense of assault and included the statutory definition of reckless conduct. The jury returned a verdict convicting appellant of aggravated assault with a deadly weapon and the trial court sentenced appellant to 45 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. By nine issues, appellant appeals.

## Issue 6: Charge Error

In his sixth issue, appellant contends that the trial court erred by including the mental state of recklessness in the jury charge. We sustain the issue.

---

[1]The proposed jury charge correctly indicated that an assault becomes an aggravated assault if the assault is committed by use of a deadly weapon, *see* TEX. PEN. CODE ANN. § 22.02(a)(2) (Vernon 2003). Further discussion of the charge will focus on the elements necessary to establish the offense of assault. *See* TEX. PEN. CODE ANN. § 22.01(a) (Vernon 2003). Further reference to sections of the Penal Code will be by reference to "section __."

Appellant was charged with committing assault by threat.[2]  Assault by threat is committed if a person intentionally or knowingly threatens another with imminent bodily injury.  *See* section 22.01(a)(2) (Vernon 2003).  It is error for the jury charge to allow conviction for recklessly threatening another with imminent bodily injury as this does not constitute an offense under the penal code.  *See Reed v. State*, 117 S.W.3d 260, 263 (Tex.Crim.App. 2003); *Dowden v. State*, 537 S.W.2d 5, 6 (Tex.Crim.App. 1976).  Therefore, as the State concedes, the trial court erred in charging the jury that it could convict appellant of assault if he recklessly threatened another with imminent bodily injury.

Because appellant did not object to the inclusion of recklessness in the charge, however, this error requires reversal only if it caused appellant "egregious harm."  *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985).  Charge error that was not timely objected to is reversible if the harm caused was so egregious that it deprived appellant of a fair and impartial trial.  *Id*. at 172.  In determining whether charge error caused egregious harm, we consider: (1) the charge, (2) the state of the evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole.  *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996); *Almanza*, 686 S.W.2d at 171.

---

[2]The Penal Code indicates that a person commits the offense of assault by intentionally, knowingly, or recklessly causing serious bodily injury to another, *see* section 22.01(a)(1), intentionally or knowingly threatening another with imminent bodily injury, *see* section 22.01(a)(2), or intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative, *see* section 22.01(a)(3).

Review of the record shows that the error in the jury charge egregiously harmed appellant. The charge included the statutory definition of reckless conduct and directed the jury that it must find appellant guilty of assault if the evidence established, beyond a reasonable doubt, that appellant "intentionally, knowingly, *or recklessly"* threatened the victim with imminent bodily injury (emphasis ours). While the record contains some evidence upon which the jury could have concluded that appellant acted intentionally or knowingly in assaulting the victim, we cannot say that the evidence is of such a nature as to have precluded the jury from finding that any threat was the result of reckless conduct. Further, the prosecutor stated during *voir dire* that the jury could convict appellant of assault based on a finding of recklessness and argued so in closing arguments. Specifically, in closing argument, the State told the jury, "whether you think it is intentional, knowing, or reckless, it is all going to come out to be the same thing. It can be split, four, four, four, six, six, on what the intent level was, but if all 12 of you find an intent level of either intentional or knowing or reckless, it is all the same thing. It is guilty . . . ." After considering the factors, we conclude that the inclusion of recklessness in the jury charge harmed appellant such that he was deprived of a fair and impartial trial and, thus, constitutes reversible error.

Accordingly, we reverse the judgment and remand the proceeding to the trial court.


James T. Campbell
Justice

Do not publish.

4