NO. 07-03-0160-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 24, 2005



______________________________



CARL WILEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-438359; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Carl Wiley appeals his conviction for aggravated assault with a deadly
weapon. We will address only appellant's sixth issue, relating to jury charge error, as it is
dispositive. See Tex. R. App. P. 47.1. We sustain the issue, reverse the judgment, and
remand this cause to the trial court for further proceedings.



Background

 Only those facts relevant to the dispositive issue in this case will be addressed. 
Appellant was tried for aggravated assault with a deadly weapon for ramming his car into
the automobile of his estranged wife. Following the evidentiary portion of the trial, a charge
conference was held. The trial court's proposed jury charge indicated that a person
commits an assault if he intentionally, knowingly or recklessly threatens imminent bodily
injury to another. (1) Appellant's counsel objected that the proposed charge omitted two
lesser included offenses, but did not object to the inclusion of recklessness as a mental
state sufficient to support a conviction for assault. The charge submitted to the jury
included recklessness within the mental states sufficient to constitute the offense of assault
and included the statutory definition of reckless conduct. The jury returned a verdict
convicting appellant of aggravated assault with a deadly weapon and the trial court
sentenced appellant to 45 years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. By nine issues, appellant appeals.

Issue 6: Charge Error 

 In his sixth issue, appellant contends that the trial court erred by including the mental
state of recklessness in the jury charge. We sustain the issue.

 Appellant was charged with committing assault by threat. (2) Assault by threat is
committed if a person intentionally or knowingly threatens another with imminent bodily
injury. See section 22.01(a)(2) (Vernon 2003). It is error for the jury charge to allow
conviction for recklessly threatening another with imminent bodily injury as this does not
constitute an offense under the penal code. See Reed v. State, 117 S.W.3d 260, 263
(Tex.Crim.App. 2003); Dowden v. State, 537 S.W.2d 5, 6 (Tex.Crim.App. 1976). Therefore,
as the State concedes, the trial court erred in charging the jury that it could convict
appellant of assault if he recklessly threatened another with imminent bodily injury.

 Because appellant did not object to the inclusion of recklessness in the charge,
however, this error requires reversal only if it caused appellant "egregious harm." See
Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). Charge error that was not
timely objected to is reversible if the harm caused was so egregious that it deprived
appellant of a fair and impartial trial. Id. at 172. In determining whether charge error
caused egregious harm, we consider: (1) the charge, (2) the state of the evidence, (3)
arguments of counsel, and (4) any other relevant information revealed by the record of the
trial as a whole. Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996); Almanza, 686
S.W.2d at 171.

 Review of the record shows that the error in the jury charge egregiously harmed
appellant. The charge included the statutory definition of reckless conduct and directed the
jury that it must find appellant guilty of assault if the evidence established, beyond a
reasonable doubt, that appellant "intentionally, knowingly, or recklessly" threatened the
victim with imminent bodily injury (emphasis ours). While the record contains some
evidence upon which the jury could have concluded that appellant acted intentionally or
knowingly in assaulting the victim, we cannot say that the evidence is of such a nature as
to have precluded the jury from finding that any threat was the result of reckless conduct. 
Further, the prosecutor stated during voir dire that the jury could convict appellant of
assault based on a finding of recklessness and argued so in closing arguments. 
Specifically, in closing argument, the State told the jury, "whether you think it is intentional,
knowing, or reckless, it is all going to come out to be the same thing. It can be split, four,
four, four, six, six, on what the intent level was, but if all 12 of you find an intent level of
either intentional or knowing or reckless, it is all the same thing. It is guilty . . . ." After
considering the factors, we conclude that the inclusion of recklessness in the jury charge
harmed appellant such that he was deprived of a fair and impartial trial and, thus,
constitutes reversible error. 

 Accordingly, we reverse the judgment and remand the proceeding to the trial court.

 

 James T. Campbell

 Justice


Do not publish. 
1. The proposed jury charge correctly indicated that an assault becomes an
aggravated assault if the assault is committed by use of a deadly weapon, see Tex. Pen.
Code Ann. § 22.02(a)(2) (Vernon 2003). Further discussion of the charge will focus on the
elements necessary to establish the offense of assault. See Tex. Pen. Code Ann. §
22.01(a) (Vernon 2003). Further reference to sections of the Penal Code will be by
reference to "section __." 
2. The Penal Code indicates that a person commits the offense of assault by
intentionally, knowingly, or recklessly causing serious bodily injury to another, see section
22.01(a)(1), intentionally or knowingly threatening another with imminent bodily injury, see
section 22.01(a)(2), or intentionally or knowingly causing physical contact with another
when the person knows or should reasonably believe that the other will regard the contact
as offensive or provocative, see section 22.01(a)(3).