

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00514-CR

Ramiro **CASTILLO-RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 16-CR-271
Honorable Martin Chiuminatto, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 21, 2019

REVERSED AND REMANDED

Ramiro Castillo-Ramirez ("Ramirez") was convicted by a jury for aggravated sexual assault. On appeal, Ramirez argues he was: (1) harmed by jury charge error; (2) deprived of his constitutional right to confront a witness; and (3) denied effective assistance of counsel at trial. Ramirez also argues the trial court erred in admitting certain photos even though the State failed to lay a proper foundation. We only address the jury charge issue because it is dispositive in the outcome of this appeal.

## BACKGROUND

On July 29, 2016, Ramirez was hired by the complainant, a seventy-one-year-old woman, to move furniture. The complainant alleged the appellant forced her into the bedroom during the move and sexually assaulted her by putting "his thing" into her "colon." Ramirez was later charged with aggravated sexual assault.

In the indictment, the State alleged Ramirez "intentionally or knowingly cause[d] the penetration of the anus of [the complainant], a person who was then and there an elderly individual, *by defendant's sexual organ*, without the consent of [the complainant]." (emphasis added). Conversely, the jury charge authorized the jury to convict Ramirez if it determined he penetrated the anus of the complainant "*by any means*," beyond a reasonable doubt. (emphasis added). The jury convicted Ramirez of aggravated sexual assault based on these instructions. Ramirez appeals.

## JURY CHARGE

A claim of jury charge error is governed by the procedures set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). When reviewing charge error, an appellate court must proceed through a two-step review: (1) the court must determine whether an error actually exists in the charge; and (2) the court must determine whether sufficient harm resulted from the charging error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994).

Once an appellate court determines there is jury charge error, the level of harm to require reversal depends on whether the appellant preserved the error at trial. *Id.* at 732. Where there has been a timely objection made at trial, an appellate court will reverse if there is "some harm." *Id*. However, when, as here, the defendant fails to object to the jury charge, an appellate court will reverse only if the jury charge error resulted in "egregious harm" to the defendant. *Ngo v. State*, 175 S.W.3d 738, 743–744 (Tex. Crim. App. 2005). Under the *Almanza* standard, the record must

show that a defendant has suffered actual, rather than merely theoretical, harm from jury charge error. *Id.* at 750.

*A. Jury Charge Error*

"As a general rule, the instructions must . . . conform to allegations in the indictment." *Sanchez v. State*, 376 S.W.3d 767, 773 (Tex. Crim. App. 2012). A jury charge may not enlarge the offense alleged and authorize the jury to convict a defendant on a basis or theory permitted by the jury charge but not alleged in the indictment. *Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003); *see also Fella v. State*, 573 S.W.2d 548 (Tex. Crim. App. 1978) (holding the trial court erred by authorizing the jury to find the appellant guilty based on a theory not alleged in the indictment). "[T]he indictment [is] the basis for the allegations which must be proved and . . . the hypothetically correct jury charge for the case must be authorized by the indictment." *Gollihar v. State*, 46 S.W.3d 243, 245 (Tex. Crim. App. 2001) (quotations omitted). "The law as 'authorized by the indictment' includes the statutory elements of the offense 'as modified by the charging instrument.'" *Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013) (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). Thus, "a hypothetically correct jury charge would not simply quote from the controlling statute." *Gollihar*, 46 S.W.3d at 245.

"[W]hen the statute defines alternative manner and means of committing an element and the indictment alleges only one of those methods, 'the law' for purposes of the hypothetically correct charge, is the single method alleged in the indictment." *Id.* "For example, although the State may be permitted to plead multiple statutory manner and means in the charging instrument, it could choose to plead only one." *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). "However, in so doing, the State is required to prove that the defendant committed the alleged crime using that specific statutory manner and means, and it may not rely on any other statutory manner and means of committing the crime it did not plead in the charging instrument." *Id.*; *cf.*

*Sanchez*, 376 S.W.3d at 774 (holding where the indictment permits alternative manner and means of the commission of the crime, "the State could obtain a conviction if any of the alternatives were proven"). Thus, error exists when "the trial court improperly broaden[s] the indictment" with a jury charge that alleges alternative manner and means that were not pled in the indictment. *Reed*, 117 S.W.3d at 265.

Here, the indictment alleged Ramirez penetrated the complainant's anus with his sexual organ, while the jury charge allowed the jury to convict Ramirez if it found that Ramirez had penetrated the complainant's anus "*by any means*." (emphasis added). The jury charge enlarged the offense alleged and authorized the jury to convict Ramirez on a different theory than the one that was alleged in the indictment. *See id.* Although the jury charge properly quoted the controlling statute, it did not properly quote the elements of the controlling statute as modified by the indictment. The charge could not merely state that Ramirez should be found guilty if he penetrated the complainant's anus *by any means*, when the indictment specifically alleged Ramirez penetrated the complainant's anus *by means of his sexual organ*. *See Gollihar*, 46 S.W.3d at 245 ("[W]hen the controlling statute lists several alternative acts intended by the defendant and the indictment limits the State's options by alleging certain of those intended acts, the hypothetically correct charge should instruct the jury that it must find one of the intended acts as alleged in the indictment."). In this case, the State chose to only plead penetration by means of Ramirez's sexual organ. Because the State only pled this single manner and means of penetration, it may not rely on any other manner and means of committing the crime that it did not plead in the charging instrument. Therefore, we hold the trial court erred when it improperly broadened the indictment with a jury charge that authorized the jury to convict Ramirez of aggravated sexual assault for penetrating the complainant's anus without her consent by any means.

### B. Harm Analysis

"[R]eversal for an unobjected-to erroneous jury instruction is proper only if the error caused actual, egregious harm to an appellant." *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). "An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). A "[j]ury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *State v. Ambrose*, 487 S.W.3d 587, 597 (Tex. Crim. App. 2016). When assessing harm based on the particular facts of the case, we consider: "(1) the entirety of the jury charge, (2) the state of the evidence, (3) counsel's arguments, and (4) any other relevant information revealed by the entire trial record." *Id.* at 598.

### 1. Entirety of the Jury Charge

"A jury charge is fundamentally defective if it authorizes a conviction without requiring the jury to find all the elements of an offense beyond a reasonable doubt." *Sanchez v. State*, 182 S.W.3d 34, 63 (Tex. App.—San Antonio 2005), *aff'd*, 209 S.W.3d 117, 125 (Tex. Crim. App. 2006). "It is now axiomatic that a defendant is to be tried only on the crimes alleged in the indictment . . . ." *Abdnor*, 871 S.W.2d at 738; *see also Daugherty*, 387 S.W.3d at 665 ("The law as 'authorized by the indictment' includes the statutory elements of the offense 'as modified by the charging instrument.'" (quoting *Curry*, 30 S.W.3d at 404)).

Here, the jury charge, viewed in its entirety, affected the very basis of the case because it allowed jurors to convict Ramirez on the belief that he penetrated the complainant's anus by means other than his sexual organ. The jury charge accurately quoted the statutory elements of the offense. The indictment, however, modified the statutory elements of the applicable law so that the jury should have found Ramirez guilty only if it unanimously believed Ramirez penetrated the complainant's anus with his sexual organ. The jury charge accurately restated the indictment

language at the beginning of the instructions. However, the "Relevant Statutes" and "Application of Facts to Law" sections did not require the jury to find penetration of the complainant's anus by Ramirez's sexual organ. Thus, the jury charge, considered in its entirety, improperly broadened the means by which the jury was authorized to convict Ramirez because the charge did not comport with the indictment. This charge error created the significant possibility that Ramirez was convicted without the jury unanimously agreeing on the essential fact that he penetrated the complainant's anus with his sexual organ. *See Abdnor*, 871 S.W.2d at 731 ("[A]n erroneous or an incomplete jury charge jeopardizes a defendant's right to jury trial because it fails to properly guide the jury in its fact-finding function.").

2. *State of the Evidence and Counsel's Arguments*

"One of [the] considerations in the determination of egregious harm is whether the error related to a contested issue." *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996) (quotations omitted). "When the error relates to an incidental defensive theory rather than an obviously contested issue, the harm is less likely to be egregious." *Hines v. State*, 535 S.W.3d 102, 114 (Tex. App.—Eastland 2017, pet. ref'd).

The record shows the means of penetration was contested throughout the trial. Evidence showed semen was not found in the complainant's anus. The State presented evidence—through the testimony of the complainant—to convince the jury that Ramirez caused the penetration of the complainant's anus with his sexual organ. Ramirez contested this evidence by attesting that he did not penetrate the complainant's anus with his sexual organ. Throughout the trial and closing arguments, Ramirez's counsel specifically argued Ramirez could only be convicted if the jury found that he penetrated the complainant's anus with his sexual organ. The manner and means of penetration was a focal point of counsel's closing argument.

It is apparent from the record that the basis of Ramirez's defensive theory in this case focused on the specific manner and means of penetration. Ramirez presented evidence and built a defensive theory around an indictment that required a conviction to be predicated on a finding of penetration of the complainant's anus by Ramirez's sexual organ. A review of the evidence and counsel's arguments supports the conclusion that Ramirez suffered egregious harm from the erroneous charge because it vitally affected Ramirez's defensive theory. *See Ambrose*, 487 S.W.3d at 597. The jury charge deprived Ramirez of his defensive theory to negate the alleged manner of penetration when the charge did not make the specific manner and means alleged in the indictment an element of the charged offense. In sum, Ramirez's defensive theory was rendered meaningless even though it was a viable theory in light of the evidence.

Because the jury charge affected the very basis of the case and vitally affected Ramirez's defensive theory, we hold the erroneous charge resulted in Ramirez suffering egregious harm. *See Ambrose*, 487 S.W.3d at 597; *see also Lampkin v. State*, 607 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1980) (holding it is reversible error, even without objection at trial, when the jury charge allows the jury to convict the defendant on a different theory than what was alleged in the indictment).

Ramirez's first issue is sustained.

## CONCLUSION

We reverse the judgment of the trial court and remand the cause for a new trial.

Rebeca C. Martinez, Justice

DO NOT PUBLISH