

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. PD-0572-19**

---

**VICTOR ORTIZ GONZALEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
TARRANT COUNTY**

---

SLAUGHTER, J., delivered the opinion of the Court in which KEASLER, HERVEY, RICHARDSON, YEARY, and KEEL, JJ., joined. KELLER, P.J., and NEWELL and WALKER, JJ., concurred.

## O P I N I O N

Is a defendant egregiously harmed by an erroneous jury charge if the error at issue effectively amounts to nothing more than a formatting defect? In this case, the unobjected-to jury instructions tracked the statutory language and allowed for conviction for an intentional, knowing, or reckless aggravated assault on a public servant. The indictment, however, alleged only an intentional or knowing aggravated assault on a public servant.

We conclude that erroneously including recklessness in the jury charge application paragraph which tracked the statutory language rather than the indictment's language was, under the facts of this case, a mere formatting defect. This defect did not cause egregious harm here because: (1) the record reflects that the parties and the trial court anticipated that the jury would consider the reckless culpable mental state; (2) our precedent allows recklessness to be submitted as a lesser-included-offense instruction under these circumstances; (3) the inclusion of recklessness in the application paragraph rather than in a separate lesser-offense instruction did not substantively affect the potential theories of liability upon which the jury could convict Appellant; and (4) reckless aggravated assault on a public servant carries the same range of punishment as the charged intentional or knowing aggravated assault on a public servant. We, therefore, reverse the judgment of the court of appeals and remand this case to that court for further proceedings.

## I. Background and Procedural History

Several officers were dispatched to locate a vehicle carrying stolen merchandise. The merchandise had been equipped with a tracking device and placed in a "bait" car before being stolen. Using the tracking device, the officers traced the merchandise to a Hummer driven by Appellant. After observing the Hummer commit a traffic violation, the officers initiated a traffic stop. Appellant attempted to flee but ran into a dead end in an apartment complex's parking lot. Two police cars pulled up closely on either side of the Hummer to prevent Appellant from getting out. As Officer Taylor Rogers got out of his patrol car to

arrest Appellant, Appellant reversed and accelerated. The Hummer collided with the side of a patrol car and injured Officer Rogers. After successfully reversing away from the officers, Appellant sped off, crashed the Hummer into a nearby structure, and then fled on foot.

Appellant was eventually arrested and charged with aggravated assault of a public servant with a deadly weapon. *See* TEX. PENAL CODE §§ 22.02(a)(2), (b)(2)(B).[1] Although the aggravated assault statute permits conviction for a first-degree felony where the actor intentionally, knowingly, or recklessly causes bodily injury to a public servant and uses or exhibits a deadly weapon during the assault, *see id.* §§ 22.01(a)(1), 22.02(a)(2), (b)(2)(B),[2] the indictment omitted recklessness as a possible culpable mental state. Instead, the

---

[1] Appellant was also charged with and ultimately convicted of evading arrest or detention with a vehicle. *See* TEX. PENAL CODE § 38.04. His conviction for evading arrest is not at issue in this proceeding.

[2] Penal Code Section 22.02 imposes first-degree felony liability if a person "commits assault as defined in § 22.01 and the person: . . . (2) uses or exhibits a deadly weapon during the commission of the assault," and the offense is committed "against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty[.]" TEX. PENAL CODE § 22.02(a)(2), (b)(2)(B). Assault under section 22.01 in turn is defined as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another[.]" *Id.* § 22.01(a)(1). Thus, a person is liable for a first-degree felony if he intentionally, knowingly, or recklessly causes bodily injury to a person he knows is a public servant while the person is lawfully discharging an official duty and he uses or exhibits a deadly weapon during the commission of the assault. It makes no difference to the degree of the felony or the possible range of punishment whether the defendant was intentional, knowing, or reckless about the result of his conduct.

indictment alleged only that Appellant intentionally or knowingly caused bodily injury to Officer Rogers and that he used or exhibited a deadly weapon, to-wit: the Hummer.[3]

Despite the indictment's omission of recklessness as an available culpable mental state, both the State and Appellant addressed at trial, without objection, all three statutorily-permissible culpable mental states—intentionally, knowingly, and recklessly—in *voir dire* and in closing arguments. Likewise, rather than tracking the indictment's language, the jury charge's abstract and application paragraphs tracked the statutory language and allowed the jury to convict Appellant if he intentionally, knowingly, or recklessly caused bodily injury to Officer Rogers while using or exhibiting a deadly weapon.[4] The record

---

[3] The indictment for aggravated assault alleged that Appellant "intentionally or knowingly caused bodily injury to T. Rogers, a public servant, . . . by striking T. Rogers' patrol car with the defendant's car, pinning T. Rogers between the two cars, while T. Rogers was lawfully discharging an official duty and the defendant knew that T. Rogers was a public servant, and the defendant did use or exhibit a deadly weapon during the commission of the assault, to-wit: an automobile, that in the manner of its use or intended use was capable of causing death or serious bodily injury."

[4] The application portion of the charge for aggravated assault of a public servant stated:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 24th day of April, 2017, in Tarrant County, Texas, the defendant, [Appellant], did then and there intentionally, knowingly or recklessly cause bodily injury to T. Rogers, a public servant, to-wit: an employee or officer of government, namely a police officer for the City of Fort Worth, by striking T. Rogers' patrol car with the defendant's car, pinning T. Rogers between the two cars, while T. Rogers was lawfully discharging an official duty and the defendant knew that T. Rogers was a public servant, and the defendant did use or exhibit a deadly weapon during the commission of the assault, to-wit: an automobile, that in the manner of its use or intended use was capable of causing death or serious bodily injury, then you will find the defendant guilty of aggravated assault against a public servant as charged in the indictment.

does not contain any discussion between the trial judge and parties regarding the inclusion of recklessness in the charge, and Appellant did not object to the inclusion of the unindicted culpable mental state. The charge included an instruction on second-degree felony aggravated assault with a deadly weapon (e.g., not against a public servant, *see* TEX. PENAL CODE § 22.02(a)(2)), but aside from this, no other lesser-included offense instructions were discussed or included in the charge. The jury ultimately convicted Appellant of the charged offense, found the single enhancement paragraph true, and assessed Appellant's punishment at forty-five years' imprisonment plus a $10,000 fine.

On appeal, Appellant complained that the jury charge was erroneous because of its inclusion of the unindicted culpable mental state of recklessness.[5] The State conceded that the charge was erroneous in this respect, and Appellant conceded that he had not objected to the error. Thus, the court of appeals' analysis focused solely on whether Appellant was egregiously harmed by the error.

Applying the four-factor framework from *Almanza v. State*[6] for evaluating harm in

---

[5] In addition to his charge-error complaint, Appellant raised two other complaints on appeal: (1) that the evidence was insufficient to show that he intentionally or knowingly caused bodily injury to Officer Rogers, and (2) that his $10,000 fine assessed for evading arrest must run concurrently with the $10,000 fine assessed for aggravated assault, and therefore, the order to withdraw funds from his inmate trust account could authorize withdrawal of only one of the fines, not both. The court of appeals rejected Appellant's sufficiency complaint and, in light of its reversal of the aggravated assault conviction based on the egregiously harmful charge error, it declined to reach Appellant's complaint regarding the withdrawal of fees.

[6] *See* 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g).

this context, the court of appeals concluded that the factors overall weighed in favor of finding egregious harm. *Gonzalez v. State*, No. 02-18-00179-CR, 2019 WL 2042573, at *6 (Tex. App.—Fort Worth May 9, 2019) (mem. op., not designated for publication). The court concluded that "by charging the jury on an un-indicted culpable mental state and by arguing to the jury that recklessness was sufficient to convict Appellant, especially where Appellant's mental state was a disputed fact issue, the charge egregiously harmed Appellant by lowering the State's burden of proof." *Id.* Accordingly, it reversed Appellant's conviction for aggravated assault on a public servant and remanded the case to the trial court for further proceedings. *Id.*

## II.    Analysis

Inclusion of the culpable mental state of recklessness in a jury charge application paragraph for aggravated assault causing bodily injury is error when recklessness is omitted from the indictment. Such error is avoided, however, if reckless aggravated assault is instead included as a standalone lesser-included-offense instruction. The question here is whether the erroneous inclusion of recklessness in the application paragraph, rather than as a separate lesser-included-offense instruction causes egregious harm.[7] Relying in part

---

[7] The State's petition for discretionary review included three grounds. However, we granted review of only one of those grounds:

> Can a jury charge applying an unalleged reckless culpable mental state for aggravated assault in a unitary application instruction cause egregious harm when applying that same reckless culpable mental state as a lesser-included offense would not even be error?

on our reasoning and holdings in *Reed v. State*[8] and *Hicks v. State*,[9] we hold that such error is a mere formatting defect that did not substantively affect the jury's consideration of Appellant's case and as such did not cause egregious harm. Therefore, we reverse the court of appeals' finding of egregious harm.

### A.     Applicable Law for Evaluating Egregious Harm

The standard of review for jury-charge error depends on whether the error was preserved. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). If error was preserved with a timely objection, then such error is reversible if it caused "some harm." *Id.* Conversely, when there is jury-charge error but the defendant fails to object, as is the case here, we must determine whether the error caused the defendant "egregious harm." *Id.*

"Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (quoting *Hutch v. State*, 922

---

We refused two of the State's grounds for review that had more generally asked us to evaluate the court of appeals' weighing of the evidence and the parties' arguments in reaching its egregious harm conclusion. Therefore, our analysis is limited to the narrow question in ground one pertaining to the status of reckless aggravated assault as a lesser-included offense of intentional or knowing aggravated assault.

[8] 117 S.W.3d 260 (Tex. Crim. App. 2003).

[9] 372 S.W.3d 649 (Tex. Crim. App. 2012).

S.W.2d 166, 171 (Tex. Crim. App. 1996)); *see also Chambers v. State,* 580 S.W.3d 149, 154 (Tex. Crim. App. 2019) (stating that egregious harm occurs when the error "created such harm that the appellant was deprived of a fair and impartial trial"). "Under both [the some harm and egregious] harm standards, the appellant must have suffered some actual—rather than merely theoretical—harm." *Id.*; *see also Ngo*, 175 S.W.3d at 750 ("Under the *Almanza* standard, the record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error."). In determining whether there was egregious harm, we ordinarily evaluate the entire record in light of *Almanza*'s four factors (the entirety of the charge, the state of the evidence, the arguments to the jury, and any other relevant information). *French v. State,* 563 S.W.3d 228, 237 (Tex. Crim. App. 2018). In some instances, however, a single consideration may persuade us that the risk of harm is so minimal that it precludes a finding of egregious harm. *See id.* at 239 (where risk of harm is so small that it "may properly be characterized as not 'remotely significant' . . . any harm resulting from the error is only theoretical harm"). This case presents such a situation.

**B.     Discussion of *Reed v. State* and *Hicks v. State***

In their arguments to this Court, the parties focus on two of our prior decisions: *Reed v. State*, 117 S.W.3d 260, and *Hicks v. State*, 372 S.W.3d 649. Although *Reed* and *Hicks* are both cases addressing error rather than harm, they inform our analysis here because the nature of the error at issue in this case affects our harm analysis.

In *Reed*, as in the instant case, the indictment for aggravated assault alleged only the culpable mental states of intentional or knowing, but the jury charge's application paragraph allowed for a conviction based on intentional, knowing, or reckless culpable mental states. *Reed*, 117 S.W.3d at 260-61. *Reed* held that the jury charge was erroneous because, although the aggravated assault statute would permit a conviction based on recklessness, the indictment had not alleged it. *Id.* at 264. Thus, by including the unindicted reckless culpable mental state in the application paragraph for the charged offense, the instructions raised the possibility that the jury found the defendant guilty of "recklessly causing the bodily injury, which is conduct that was not alleged in the indictment." *Id.* at 265. But, *Reed* emphasized that its holding applied only to the indicted-offense instructions. It noted that a trial court would not err by including reckless aggravated assault as a lesser-included-offense instruction. *Id.* at 264. Moreover, while we determined the issue of error, we remanded the issue of harm to the court of appeals. *Id.* at 265.

In *Hicks,* the issue was whether the trial court erred by including reckless aggravated assault as a standalone lesser-included-offense instruction. 372 S.W.3d at 655-58. Relying on our suggestion in *Reed*, we upheld the standalone lesser-included-offense instruction as proper explaining that, pursuant to Code of Criminal Procedure Article 37.09, reckless aggravated assault was necessarily a lesser-included offense of intentional or knowing aggravated assault because "'it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission.'" *Id.* at 653 (quoting TEX.

CODE CRIM. PROC. art. 37.09(3)).[10] We also noted that in determining whether something is a lesser offense under Article 37.09 that "[d]ifferences in the level, range, or manner of punishment are irrelevant." *Id.* at 654. Thus, as long as recklessness is raised by the evidence (which it was in *Hicks*), a trial court does not err by submitting a charge on reckless aggravated assault as a lesser-included offense of a charged intentional or knowing aggravated assault. *Id.* at 658. Accordingly, while *Reed* prohibits including an uncharged reckless culpable mental state in the instructions for the indicted offense, *Hicks* allows for it to be included in a separate lesser-included-offense instruction. *Id.* at 657.[11] With this in mind, we consider the question of harm at issue here.

---

[10] In *Hicks*, we further explained this concept, stating, "By definition, 'reckless' is a lower level of culpability than 'knowing,' and 'knowing' is a lower level of culpability than 'intentional.' Thus, a 'knowing' assault is a lesser-included offense of an 'intentional' assault, and a 'reckless' assault is a lesser-included offense of a 'knowing' assault. Conversely, proof of a higher level of culpability constitutes proof of a lower level of culpability. Thus, proof of a defendant's intentional act also proves recklessness." *Hicks*, 372 S.W.3d at 653 (footnotes and citations omitted).

[11] Addressing *Reed* in our *Hicks* opinion, we observed that our holdings in the two cases were entirely consistent. *Hicks*, 372 S.W.3d at 657. *Reed* found error because the inclusion of recklessness in the application paragraph for the charged offense "allowed for conviction of a broader offense than that alleged in the indictment." No such concern was present in *Hicks,* where recklessness was separately included as a proper lesser-included offense instruction. *Id.* We also noted that *Reed* had already acknowledged that submission of recklessness as a lesser-included offense would be proper under these circumstances pursuant to this Court's prior decision in *Rocha v. State*. *Id.* (discussing *Reed*, 117 S.W.3d at 263, and *Rocha v. State*, 648 S.W.2d 298, 302 (Tex. Crim. App. 1982) (op. on reh'g)). *Reed* did not apply the rule from *Rocha* only because no lesser-included offense instruction was given in *Reed*. *Id.* Thus, our analysis in *Hicks* confirmed that *Reed* was controlling precedent for the proposition that a court may not include an unindicted recklessness culpable mental state in the instructions for a charged intentional or knowing aggravated assault. But nothing about that rule foreclosed the holding in *Hicks* permitting a charge on recklessness in the form of a proper lesser-included offense instruction.

**C.** **The trial court's error amounts to a formatting defect that did not affect the substantive theories of liability or range of punishment.**

Applying our holding in *Hicks* to the instant circumstances, it is clear that the trial court was authorized to charge the jury on the recklessness culpable mental state. *See Hicks,* 372 S.W.3d at 657-58. The court simply chose the wrong format for doing so—it placed the lesser-included-offense of reckless aggravated assault in the application paragraph, rather than in a standalone lesser-included offense instruction. And while the record does not indicate that either Appellant or the State requested such a separate lesser-included instruction, it can be inferred that they both anticipated that the jury would probably consider recklessness. Both parties discussed recklessness with the jury in *voir dire* and in closing arguments, and neither party objected to its inclusion in the jury charge. Moreover, our precedent provides that the trial court was authorized to *sua sponte* instruct the jury on any lesser-included offenses raised by the evidence. *See Humphries v. State,* 615 S.W.2d 737, 738 (Tex. Crim. App. 1981). We can infer that the trial judge believed recklessness was raised by the evidence here because, otherwise, he would not have included it as an applicable culpable mental state. And our own independent review of the record indicates that the facts did indeed raise recklessness; both the State and Appellant concede as much in their briefs. Thus, the trial court's only error was in the incorrect placement of recklessness in the application paragraph for the charged offense rather than in a standalone lesser-included-offense instruction.

Determining whether this formatting error was egregiously harmful requires us to compare the instructions actually given to the ones that should have been given. A proper jury charge would have included the lesser-included offense of reckless aggravated assault in a separate paragraph rather than in the charged offense's application paragraph. But as we explain below, this formatting difference would not have had any significant impact on the jury's ability to convict Appellant, nor would it have altered his possible range of punishment.

Regarding the jury's ability to convict, even if given the proper charge, the jury still could have convicted Appellant of the same offense under any of the three statutorily-permissible culpable mental states (intentional, knowing, or reckless). *See* TEX. PENAL CODE §§ 22.01(a)(1), 22.02(a)(2). There would be no substantive effect. The only real difference between submission of recklessness in the application paragraph versus through a lesser-included offense instruction is that, in the former situation, the jury could be split on Appellant's culpable mental state, whereas in the latter scenario, the jury would have to be unanimous about his recklessness. *See Landrian v. State,* 268 S.W.3d 532, 537-38 (Tex. Crim. App. 2008) (stating that in context of bodily injury assault, all three listed culpable mental states—intentional, knowing, reckless—are "conceptually equivalent," and jury may be split on which culpable mental state applies to convict); *Hicks,* 372 S.W.3d at 657 (noting that to find the defendant guilty of the lesser offense, the jury would have to first acquit him of the charged offense "before unanimously finding [him] guilty of the lesser-

included offense of reckless aggravated assault"). But because proof of a greater culpable mental state necessarily constitutes proof of the lesser culpable mental state, the jury's guilty verdict indicates that it was *at least* unanimous about Appellant's recklessness and could have convicted him on that basis regardless of whether it was split on the intentional/knowing culpable mental states. *See* TEX. PENAL CODE § 6.02(e) ("Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."); *Hicks*, 372 S.W.3d at 657 (noting that for purposes of jury unanimity in this context, "the three culpable mental states are 'conceptually equivalent' because proof of the greater culpable mental state is necessarily proof of the lesser ones"). Thus, the difference in unanimity requirements between the two formats did not meaningfully affect Appellant's likelihood of being convicted.

With respect to any effect of this error on Appellant's potential punishment, we note that regardless of whether he was convicted for an intentional, knowing, or reckless aggravated assault against a public servant using a deadly weapon, Appellant was facing first-degree felony liability with the same range of punishment. *See* TEX. PENAL CODE §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B). Thus, the trial court's error in inserting recklessness into the application paragraph as opposed to including recklessness within a lesser-offense instruction did not deprive Appellant of any valuable right or impair the fairness of the

proceedings with respect to the assessment of punishment. In light of these considerations, any harm resulting from the error was not egregious.[12]

### III. Conclusion

Because the trial court's error in including recklessness in the application paragraph for the charged offense effectively amounts to a formatting error that did not substantively affect the relevant theories of liability or the possible range of punishment, we hold that Appellant did not suffer egregious harm as a result of the charge error. We, therefore, reverse the judgment of the court of appeals. Because the court of appeals did not address all the issues raised by Appellant on appeal, we remand this case to the court of appeals for further consideration of the remaining issues in a manner consistent with this Court's opinion.

Delivered: October 28, 2020

Publish

---

[12] Appellant also argues that because the indictment failed to allege any reckless acts the jury was prohibited from considering recklessness. *See* TEX. CODE CRIM. PROC. art. 21.15 (stating that whenever recklessness is part of an offense, the indictment "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness"). In making this argument, however, Appellant conflates the concepts of error and harm. In *Reed*, we explained that Article 21.15 requires an indictment to give notice of any allegedly reckless acts and thus precludes an uncharged reckless mental state from being included in the instructions for the primary offense. *Reed,* 117 S.W.3d at 265. But we also explained that, in situations where recklessness was not alleged in the indictment, "Article 21.15 does not keep the parties from submitting a lesser-included offense with a reckless culpable mental state to the jury." *Id.* Thus, while Article 21.15 and *Reed* would support finding error here, that fact has no bearing on our harm analysis. Accordingly, we reject Appellant's argument that Article 21.15 poses any impediment to our harm analysis.