Opinion issued February 11, 2010.






 

 






 

In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00178-CR

____________


JONATHAN ELLIOTT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 07CR0762






MEMORANDUM OPINION

 A jury convicted appellant of forgery and assessed punishment at three years'
confinement. See Tex. Penal Code Ann. § 32.21 (Vernon 2003). The trial court
entered judgment accordingly. Appellant raises three issues on appeal, claiming (1)
ineffective assistance of counsel, (2) that the jury charge was fundamentally defective
in that it authorized conviction upon a theory not charged in the indictment, and (3)
that the evidence was legally insufficient to support a conviction. We affirm.

BACKGROUND

 On October 16, 2005, shortly after Hurricane Rita hit the Gulf Coast, appellant
entered Bob's Grocery Store in Galveston and attempted to cash a $2,000 check from
FEMA. The check, which was made out to Ronald Ferrell, had already been signed. 
According to the store owner, "Bob," appellant said that he did not have any
identification because of traffic tickets. Bob cashed the check for appellant but,
because he did not present identification, Bob took appellant's picture, took a picture
of the check, and had appellant place his thumb print on the check. Bob further
testified that he used a coding system in which he matched the cashed checks to the
pictures by writing the number of the camera and the number of the picture on each
check.

 During trial, Bob identified appellant as the man in his picture who cashed the
FEMA check. Ferrell, the actual payee of the FEMA check, subsequently cashed a
social security check in Bob's store in March 2006. Bob testified that the signatures
on Ferrell's driver's license and his social security check did not match the signature
on the FEMA check. Ferrell did not testify at appellant's trial. In April 2006, the
U.S. Treasury Department informed Bob that the check was a forgery and deducted
$2,000 from his account. 

 Appellant was convicted of forging the FEMA check and timely appealed,
asserting ineffective assistance of counsel, defective jury charge, and legally
insufficient evidence. 

ANALYSIS

Ineffective Assistance of Counsel

 In his first point of error, appellant claims he was denied effective assistance
of counsel. We review a charge of ineffective assistance of counsel during the guilt-innocence stage of a criminal trial according to the standard laid out in Strickland v.
Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984); see Roberson v. State,
852 S.W.2d 508, 510 (Tex. Crim. App. 1993); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986) (adopting Strickland test for State of Texas). Under the
two-pronged Strickland test, an appellant must show first that in light of all the
circumstances viewed at the time of trial, counsel's performance fell below an
objective standard of reasonableness under prevailing professional norms. Strickland,
466 U.S. at 690, 104 S. Ct. at 2066. Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective. Cannon v. State, 668
S.W.2d 401, 403 (Tex. Crim. App. 1984). If the defendant is able to meet this
burden, he must then prove that a reasonable probability exists that, but for counsel's
errors, the result of the trial would have been different. Strickland, 466 U.S. at 692,
104 S. Ct. at 2067. An appellant's failure to satisfy one prong makes it unnecessary
for a reviewing court to consider the other prong. Id. at 697, 104 S. Ct. at 2069.

 A Strickland claim must be "firmly founded in the record" and "the record must
affirmatively demonstrate" the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). Because the record is usually underdeveloped,
direct appeal is often an inappropriate forum in which to bring this type of claim. Id.,
9 S.W.3d at 81314. If trial counsel has not been afforded an opportunity to explain
his actions, an appellate court should not find deficient performance unless the
challenged conduct was "so outrageous that no competent attorney would have
engaged in it." Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

 With this type of challenge, judicial review must be highly deferential to trial
counsel so as to "avoid the deleterious effects of hindsight." Thompson, 9 S.W.3d at
813. There is also a strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance. Id. 

 Appellant bases his ineffective assistance of counsel claim on his counsel's
failure to (1) employ a handwriting expert, (2) object to Bob's testimony concerning
the signatures, and (3) object to bolstering of Bob's testimony by the investigating
officer. The record, however, is silent as to why appellant's counsel failed to do these
things. Therefore, appellant has failed to rebut the presumption that these were
reasonable decisions. See id. at 814.

 Specifically, appellant has presented no evidence to demonstrate that his
counsel's failure to employ a handwriting expert was not sound trial strategy. The
record is silent as to whether either side consulted handwriting experts, or, if they did,
what their findings indicated. Without more, we do not find that this decision was so
outrageous that no competent attorney would have made it.

 As to the signatures, the opinions of lay witnesses, when competent, are
admissible concerning handwriting. Denham v. State, 574 S.W.2d 129, 131 (Tex.
Crim. App. 1978). Bob was not presented as an expert witness and testified based
only on his own knowledge. He did not testify that the signature on the FEMA check
belonged to appellant, only that it did not appear to match the signature on Ferrell's
license or Ferrell's social security check. Thus, it was not error for appellant's
counsel to fail to object to Bob's testimony regarding handwriting. 

 Appellant's final contention is that his counsel failed to object to bolstering of
Bob's testimony by the investigating officer. Again, the record is silent as to
counsel's reasoning for this decision. Furthermore, defense counsel's line of
questioning could be construed as an attack on Bob's credibility. On cross-examination by the defense, the investigator testified as follows: 

 Q: You're relying completely and wholly upon Bob; isn't that correct?

 A: Correct.

 Q: And that's the crux of your investigation and how you put one and
one together . . . to arrest Jonathan Elliott, correct?

 . . . . 

 The knowledge that you gained through your investigation in dealing
with Bob and that photograph, that's the only evidence that you had to
conclude that he was the suspect and you needed to go out and arrest
him? . . . 

 A: Well, Bob is an honest person. I've been working with Bob for
years. For years. I've handled many of his cases.

Shortly thereafter, on recross-examination, the following exchange took place:

 Q: So photographs aren't wholly 100 percent reliable, are they not?

 A: This one is.

 Q: This one is reliable because you're friends with Bob, correct?

 A: I've worked with Bob on many forgery cases, and Bob is known to
me as being an honest person. If you're asking if this picture was
duplicated, no, sir, Counsel, it wasn't. 

It would be reasonable to conclude that the defense counsel was attempting to attack
Bob's credibility through his questioning of the investigator. Under the Texas Rules
of Evidence, a witness may testify as to the truthfulness of another witness after the
latter's credibility has been attacked. Tex. R. Evid. 608(2) ("[E]vidence of truthful
character is admissible only after the character of the witness for truthfulness has
been attacked by opinion or reputation evidence or otherwise.") (Emphasis added.). 
We are therefore unable to find that defense counsel's failure to object to this
testimony was outrageous or unreasonable. Because we find that appellant failed to
meet his burden by showing that counsel's performance was deficient, we do not
address the second prong of the Strickland test. 

 We overrule appellant's first point of error. 



Charge Error

 In his second point of error, appellant claims that the trial court erred "when
it instructed the jury that Forgery is also committed by acts and methods that were not
alleged in the indictment."

 The indictment in this case alleged that appellant did "make a writing so it
purported to be the act of Ronald Ferrell, who did not authorize the act . . . ."

 The charge of the trial court read, in relevant part:

 

 Our law provides that a person commits an offense if he forges a
writing, with intent to defraud or harm another. Forgery is committed
by authenticating any writing so that it purports to be the act of another
who did not authorize that act.


 Forgery is also committed by issuing, transferring, passing,
publishing, or otherwise uttering a writing that is forged within the
meaning of the preceding sentence.


 The false making of a writing, to constitute forgery, must be done
with intent to defraud or harm another, but it is not required, in order to
constitute this offense, that the person in committing it intended to
defraud or harm any particular person . . . 

 . . . . 

 Now, if you find from the evidence beyond a reasonable doubt
that . . . [appellant] did then and there, with intent to defraud or harm
another, make a writing so it purported to be the act of Ronald Ferrell,
who did not authorize the act . . . then you will find [appellant] guilty as
charged in the indictment. (Emphasis added).

Appellant argues that there is fundamental error in the jury charge because the
indictment did not allege that appellant "issued, transferred, passed, published, or
otherwise uttered" a forged writing. As such, appellant claims that the charge
enlarged the alleged offense.

 A jury charge must not enlarge the offense alleged and authorize the jury to
convict the defendant on a basis or theory permitted by the jury charge but not alleged
in the indictment. See Reed v. State, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003);
Castillo v. State, 7 S.W.3d 253, 258 (Tex. App.--Austin 1999, pet. ref'd). The State
concedes that "there may be some variance between the indictment, proof and
charge." Accordingly, the trial court erred in improperly broadening the indictment
by including "issued, transferred, passed, published, or otherwise uttered" in the jury
charge as means of committing forgery when the indictment alleged only that
appellant "made" a forgery. See Reed, 117 S.W.3d at 265.

 Because appellant did not object to the charge, (1) he must show egregious harm. 
See Almanza v. State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1984). As previously
noted, egregious harm includes errors that deprive the defendant of a valuable right
or vitally affect his defensive theory. Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996). In determining the degree of harm, we look to the entire jury
charge, the state of the evidence, the arguments of counsel, and any other relevant
information from the entire record. Warner v. State, 245 S.W.3d 458, 461 (Tex.
Crim. App. 2008). The appellant must have suffered actual rather than theoretical
harm. Id.
 Although the trial court's charge did include other means of committing
forgery in addition to "making" a forgery in its instructions, its application paragraph
defined forgery in the context of "making a writing" and specifically instructed the
jury to determine whether appellant made a writing as charged in the indictment. (2) 

 The Penal Code does not define "make" with regard to the forgery statute. 
However, the detective who arrested appellant testified that "to make a writing" on
a check is to make a signature. There was no evidence that appellant "issued,
transferred, passed, published, or otherwise uttered" a forged instrument. The State's
evidence clearly centered around proving that appellant "made a forgery" by signing
Ferrell's name to the FEMA check without his permission.

 It should also be noted that the State never argued for a conviction based upon
appellant's "issuing, transferring, passing, publishing, or otherwise uttering" a forged
instrument. Instead, the prosecutor argued at closing, 

 Let's talk about this 'make a writing' because they made a big deal
about that. You heard Sergeant Galvan's testimony. It is well-settled
law that a signature constitutes making a writing. . . . A signature
constitutes a writing. . . . If I write my signature on a piece of paper, on
a check, that's making a writing." 


 In fact, defense counsel pointed out in closing that the State did not charge
appellant with "merely passing" a forged instrument, when it might have done so. 
Nothing else in the record suggests that the jury's verdict was based on any of the
additional means of committing forgery set forth in the charge.

 After reviewing entire jury charge, the state of the evidence, the arguments of
counsel, and other relevant information from the entire record, we conclude that
appellant has not shown that he was egregiously harmed by the erroneous jury
charge (3). Accordingly, we overrule appellant's second point of error. 

Sufficiency of Evidence

 In his third and final point of error, appellant challenges the legal sufficiency
of the evidence to support a conviction for forgery. Specifically, appellant claims the
evidence was legally insufficient to establish that he made the writing or that the
writing was signed by an unauthorized person. When reviewing a legal sufficiency
claim, we review the evidence in a light most favorable to the verdict in order to
determine whether, based on that evidence and reasonable inferences therefrom, any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Villarreal v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The same standard applies
regardless of whether the state presents direct or circumstantial evidence. Huntley v.
State, 4 S.W.3d 813, 814 (Tex. App.Houston [1st Dist.] 1999, pet. ref'd). We
review the evidence based on a hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). 

 To obtain a conviction for forgery, the State was required to prove beyond a
reasonable doubt that appellant (1) with intent to defraud or harm another, (2) made
a writing, (3) that purported to be the act of another, and (4) that the other person did
not authorize the act. See Williams v. State, 688 S.W.2d 486, 488 (Tex. Crim.
App.1985); see also Tex. Penal Code Ann. § 32.21 (Vernon 2003). Appellant
contends that the evidence adduced at trial was legally insufficient to support
elements (2) and (4). We disagree.

 The indictment alleged that appellant "did then and there, with intent to defraud
or harm another, make a writing so it purported to be the act of Ronald Ferrell." 
Appellant claims there was no evidence to support a finding that he made a writing
because testimony at trial showed the check was made by the federal government. 
This interpretation of the charge in the indictment is erroneous.

 The writing referenced in the indictment was the signature on the check, not
the check itself. This is the only conceivable interpretation, given the context of the
sentence, and in light of the following phrase: "so it purported to be the act of Ronald
Ferrell." As appellant notes, the check itself was clearly made by FEMA. It would
be absurd to construe the indictment as alleging that appellant made the actual check
and purported that it had been made by Ferrell. Furthermore, appellant's arresting
officer testified that the writing on the check was the signature, and that to make a
writing meant to make a signature. We therefore conclude that the State was required
to present evidence to support a finding that appellant made the signature on the
FEMA check, not that he made the check itself.

 Appellant next contends that "[t]here was never any testimony that Appellant
ever signed or made any mark on the check" because the check was already signed
before Bob saw it. Circumstantial evidence alone may be legally sufficient to support
a conviction. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999),; see
Colburn v. State, 501 S.W.2d 680, 682 (Tex. Crim. App. 1973) (finding legally
sufficient circumstantial evidence to prove intent to defraud). The jury heard
testimony that the man who cashed the forged check claimed to be Ferrell and
declared that he had already signed the check. The man was not Ferrell, he was later
identified as appellant, and the signature on the check was not that of Ferrell. A
rational trier of fact could have concluded that appellant signed the check before
entering the store and hence "made a writing."

 In his final legal sufficiency challenge, appellant claims that "there was no
reliable testimony that the act of endorsing or cashing the check was not authorized." 
For this contention, appellant relies primarily on the fact that the payee, Ferrell, did
not testify at trial. However, there was sufficient circumstantial evidence that Ferrell
did not authorize the endorsement so that a reasonable juror could have found this
element of the crime beyond a reasonable doubt. Bob testified that, after the check
was cashed and before the government alerted him about the forgery, the real Ferrell
came into his store and was very angry about the forged FEMA check. Moreover, if
the jury found that appellant was the person who signed the check, it could also infer
that he signed it without permission because FEMA declared the check to be a
forgery. These facts, in conjunction with other evidence adduced at trial, could have
led a rational trier of fact to find that appellant did not have permission to endorse the
FEMA check.

 We hold that the evidence was legally sufficient to support a conviction for
forgery. We overrule appellant's third point of error.






CONCLUSION

 We affirm the judgment of the trial court. 

 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale


Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant's only objection to the charge was the inclusion of a definition of
"authenticate," which the trial court sustained and removed from the charge.
2. The charge also provided: 


 Now, if you find from the evidence beyond a reasonable doubt that . .
. [appellant] did then and there, with intent to defraud or harm another,
make a writing so it purported to be the act of Ronald Ferrell, who did
not authorize the act . . . then you will find [appellant] guilty as charged
in the indictment.
3. To the extent that appellant's first point of error also contends that trial counsel was
ineffective for failing to object to the charge, such claim fails the second prong of
Strickland. See Strickland, 466 U.S. at 692, 104 S. Ct. at 2067 (holding that appellant
must show reasonable probability exists that, but for counsel's errors, result of trial
would have been different). For the same reasons appellant fails to show that he
suffered egregious harm from the erroneous charge, he also fails to show that, had
counsel objected to the charge, the result of the case would have been different.