Opinion issued February 15, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00037-CR






ISRAEL WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1037743






O P I N I O N

 Appellant, Israel Williams, was charged by indictment with the offense of
aggravated assault with two enhancements, and a jury found him guilty as charged. 
Appellant pleaded true to the enhancements, and the trial court found the
enhancements true and assessed punishment at imprisonment for 35 years. In two
points of error, appellant (1) challenges the legal and factual sufficiency of the
evidence to support his conviction and (2) complains that the charge to the jury
erroneously included a definition of "reckless" as a culpable mental state. We affirm. 

BACKGROUND


 According to the trial testimony of Wayne Lindsey and Joe Rogers, on the
evening of August 9, 2005 and into the early morning of August 10, Lindsey,
appellant, a man identified only as Popcorn, and Rogers were on the front porch of
a house on Brewster Street in Houston. The house was rented by Lindsey's business
partner, Joe Rosemond, who then rented rooms to others or allowed others to stay in
the house. Lindsey stayed there occasionally, although he lived elsewhere with his
mother. He worked at the house as a mechanic and brought cars there every day. 

 During that evening, Lindsey and Rogers drank beer and wine and smoked
some rocks of cocaine. Lindsey also smoked marijuana, but Rogers smoked only
cocaine. During part of the evening, appellant joined Lindsey and Rogers in their
alcohol and drug use. Appellant and Popcorn had come to the house to get haircuts
from a young woman who met them there. Lindsey was supposed to tell Popcorn that
Rosemond did not want Popcorn at the house because he was too noisy, but
Rosemond came by and told Popcorn to leave. Popcorn left, and appellant was angry
at Lindsey. Appellant and Lindsey argued, and Lindsey "touched" appellant on the
shirt. However, both Lindsey and Rogers testified that Lindsey did not hit or push
appellant. 

 After appellant got his haircut, he left and was gone for 15 or 20 minutes. 
When he returned, he and Lindsey exchanged more words, and appellant pulled out 
a handgun and shot Lindsey, who was sitting in a chair on the porch, in the knee. 
Rogers testified that, before appellant fired the handgun, he told Rogers to "stay
back." After firing the gun, appellant left the vicinity. Someone called for an
ambulance. 

 J. Owens, a Houston Fire Department Emergency Medical Technician
responded to the call. He testified that Lindsey seemed normal and was very
coherent. Owens testified that Lindsey did not appear to be intoxicated, although
Owens did smell alcohol in the area. 

 Appellant's testimony differed from that of Lindsey and Rogers in some
details. Appellant testified that he went to the house after he got off work at about
7:30 or 8:00 p.m. He went to his room and stayed there until Popcorn came with a
young woman, Jen, who was to cut appellant's hair. Lindsey, who was on the porch
with Rogers, said Jen could not cut hair in the house, so Jen and appellant went to the
porch for the haircut. Lindsey and Rogers moved into the living room. Jen used an
electrical outlet in the living room for her electric clippers, which repeatedly came
unplugged. Jen and Lindsey argued about the cause of the disconnections. After the
haircut, appellant used the bicycle to take Jen to a bus stop, then returned to the house
to get a bowl for food. When he came out of the house, the bicycle was gone, and
Lindsey told him that he could not use the bicycle. Appellant and Lindsey argued,
and Lindsey came off the porch , grabbed appellant by the shirt, and hit him two times
on the shoulder. Appellant pulled away and walked to the place where he was to get
food, but all the food had been given away. He returned to the house and found
Lindsey and Rogers still on the porch, drinking wine. Lindsey told appellant that he
could not sleep at the house that night. Lindsey started to get up from his chair, and
appellant drew his pistol and fired it. Appellant testified that he was not aiming at
Lindsey, but was trying to make sure that appellant got away because Lindsey had hit
him once before, and appellant was in fear for his life. Appellant also testified that
Lindsey and Rogers were intoxicated as a result of their alcohol and drug use.

DISCUSSION


1. Sufficiency of the Evidence

 In his first point of error, appellant contends that the evidence is legally and
factually insufficient to support his conviction for aggravated assault. Appellant
argues that (1) the State did not prove that appellant intentionally caused serious
bodily injury and (2) the State did not prove that appellant did not shoot Lindsey in
self-defense. 

 A. Standard of Review

 In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
Under the first prong of Johnson, we cannot conclude that a conviction is "clearly
wrong" or "manifestly unjust" simply because, on the evidence before us, we would
have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006). Under the second prong of Johnson, we cannot declare that
a conflict in the evidence justifies a new trial simply because we disagree with the
jury's resolution of that conflict. Id. Before determining that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder's evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5. 

 Under both legal and factual sufficiency, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses'
testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.--Houston [1st Dist.]
2003, pet. ref'd). The jury may believe all, some, or none of any witness's testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). This standard of review
applies to both direct and circumstantial evidence cases. King v. State, 29 S.W.3d
556, 565 (Tex. Crim. App. 2000). 

 B. Assault

 Appellant's indictment for aggravated assault charged that he "did then and
there unlawfully, intentionally and knowingly cause bodily injury to Wayne Lindsey
by using a deadly weapon, namely, a firearm." A person commits the offense of
assault "if the person: (1) intentionally [or] knowingly . . . causes bodily injury to
another . . . ." Tex. Pen. Code Ann. § 22.01(a) (Vernon Supp. 2006). A person
commits the offense of aggravated assault if the person commits assault and "(1)
causes serious bodily injury to another . . . ; or (2) uses or exhibits a deadly weapon
during the commission of the assault." Tex. Pen. Code Ann. § 22.02(a) (Vernon
Supp. 2006). 

 Appellant first complains that the State did not prove that he "intentionally
caused serious bodily injury." We note that the State was not required to prove that
appellant caused serious bodily injury. The indictment simply alleged that appellant
caused bodily injury, and the Penal Code does not require "serious" bodily injury
when a deadly weapon is used or exhibited. See id. Appellant admitted that he fired
his handgun and does not contest that Lindsey was shot in the knee as a result of
appellant's action. However, he argues that he did not intend to injure Lindsey and
that he fired in self-defense because he feared for his life when Lindsey began to rise
out of the chair. These arguments are not made in the alternative. 

 The State presented evidence that appellant and Lindsey argued, that Lindsey
touched appellant on the chest during that argument, that appellant left the house and
returned 15 or 20 minutes later, at which time he pulled a handgun and shot Lindsey
in the knee. This evidence, when viewed in the light most favorable to the
prosecution, is sufficient to enable a rational jury to find, beyond a reasonable doubt, 
the essential elements of aggravated assault. Thus, the evidence is legally sufficient
to support the jury's verdict of guilty. 

 Appellant testified that, when he fired the handgun, he was not aiming at
Lindsey and only wanted to make sure he got away because Lindsey had hit him
earlier. However, Rogers testified that appellant told him to "stay back" before firing
the gun, and that Lindsey did not hit appellant. The jury was not required to believe
appellant's testimony. The jury could have believed that appellant's return to the
house after he and Lindsey had argued, telling Rogers to stay back, and firing the
handgun were evidence of appellant's intent to harm Lindsey. The evidence, viewed
in a neutral light, is not so weak that the verdict is clearly wrong and manifestly
unjust, nor is the verdict against the great weight and preponderance of the evidence. 
Therefore, the evidence is factually sufficient to support the jury's verdict. 

 B. Self-defense

 Appellant also argues that the State did not prove that appellant did not shoot
Lindsey in self-defense. Appellant correctly notes that the State has the burden of
persuasion, not the burden of production, in disproving self-defense. See Saxton v.
State, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991) (stating that State is not
required to affirmatively produce evidence refuting self-defense claim). The burden
of persuasion requires only that the State prove its case beyond a reasonable doubt. 
Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Self-defense is an issue
of fact for the jury to determine. Saxton, 804 S.W.2d at 913. "A jury verdict of guilty
is an implicit finding rejecting the defendant's self-defense theory." Id. at 914. 

 In a review of the legal sufficiency of the evidence to support the jury's
rejection of a self-defense theory, in addition to our usual review for legal sufficiency
of the evidence, we ask whether any rational jury would have found, beyond a
reasonable doubt, against appellant on the self-defense issue. Id. In a factual
sufficiency review, we review all of the evidence in a neutral light to determine
whether the State's evidence, taken alone, is too weak to support the jury's finding
and whether the proof of guilt is against the great weight and preponderance of the
evidence. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 

 We have previously determined that the evidence was legally sufficient to
support the jury's finding of guilty. The only evidence to support appellant's defense
of self-defense was appellant's testimony that Lindsey had assaulted him earlier in
the evening and that he was afraid for his life when Lindsey began to rise from his
chair. However, the jury was entitled to believe the controverting testimony of
Lindsey and Rogers that Lindsey did not assault appellant and that Lindsey did not
begin to rise from his chair. Furthermore, the jury could have believed that
appellant's return to the house with a handgun after allegedly being assaulted by
Lindsey negated appellant's claim of self-defense. Thus, a rational jury could have
found against appellant, beyond a reasonable doubt, on the self-defense issue. 

 In addition, viewing all the evidence in a neutral light, including appellant's
testimony in support of his self-defense claim, we conclude that the State's evidence
is not too weak to support the jury's implied finding against appellant's self-defense
issue. Moreover, in weighing appellant's contradictory claims of reckless, non-intentional acts and self-defense against the State's evidence, we conclude that the
jury's finding is not against the great weight and preponderance of the evidence. 

 Accordingly, we overrule appellant's first point of error. 

2. Jury Instruction on "Reckless"

 In his second point of error, appellant contends that the trial court erred in
denying his request to remove the term "reckless" from the jury instruction for
aggravated assault. At the court's charge conference, counsel for appellant stated the
following objection: 

 My objection is that the Court has included in the charging
paragraph on aggravated assault a culpable mental state of recklessly. 
It's our position that this culpable mental state was not alleged in the
indictment, and it is not a lesser included offense because it is the same
degree of offense for someone who recklessly caused bodily injury. So,
I would object to the lesser included offense [sic] of recklessly being
included in the charge because it is not included, not alleged in the
indictment. 


The trial court sustained the objection, then stated that "the Court has removed that
instruction from the charge." In the charge that was submitted to the jury, among the
definitions and following the definitions of "intentionally" and"knowingly," was the
following:

 A person acts recklessly, or is reckless, with respect to the result
of his conduct when he is aware of but consciously disregards a
substantial and unjustifiable risk that the result will occur. The risk
must be of such a nature and degree that its disregard constitutes a gross
deviation from the standard of care that an ordinary person would
exercise as viewed from the defendant's standpoint. 


The application paragraphs, which followed, did not refer to recklessness or reckless
acts in any way. 

 A review of charge error involves a two-step analysis. Abdnor v. State, 871
S.W.2d 726, 731 (Tex. Crim. App. 1994). First, we must determine whether there is
error in the charge, and, second, we must determine whether any resulting harm
requires reversal. Id. If the error was the subject of a timely objection, we must
reverse unless the error was harmless. Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984). But, if there was no timely objection, we reverse only if the
resulting harm was egregious, that is, if the error prevented appellant from having a
fair and impartial trial. Id. The appellant has the burden to show that he suffered
actual harm as a result of the charging error. Abdnor, 871 S.W.2d at 732. We
conclude that the trial court erred by including, in the abstract portion of the charge,
the definition of "recklessly." See Medina v. State, 7 S.W.3d 633, 639 (Tex. Crim.
App. 1999) (treating abstract definition of "knowingly" as error, but not egregious
because not in application paragraph). 

 In this case, appellant objected to the "charging paragraph," and the trial court
sustained the objection and removed the reference to "recklessly" causing bodily
injury from the application paragraph. However, appellant did not specifically object
to the definition of "reckless" or "acting recklessly." Therefore, appellant did not
preserve this complaint, and we review any error for egregious harm. 

 Appellant concedes that the term "recklessly is not used in the application
paragraph of the charge, but contends that including the definition of the term is
enough to suggest to a jury that it could find him guilty of aggravated assault if it
found that his actions were reckless. Appellant cites Reed v. State, 117 S.W.3d 260
(Tex. Crim. App. 2003), to support this contention. However, in Reed, the trial court
included the term "recklessly" in the application paragraph over the appellant's
objection that the term was not in the indictment. Id. at 261. The Court of Criminal
Appeals concluded that the inclusion of the term "recklessly" could lead the jury to
convict the defendant for an offense that was not in the indictment and held that the
trial court's inclusion of the term improperly broadened the indictment. Id. at 265. 
The holding in Reed does not apply to the present case. 

 "The harmfulness of error in a jury charge should be measured, at least in part,
against the likelihood that the jury's verdict was actually based upon an alternative
available theory of culpability not affected by erroneous portions of the charge." 
Atkinson v. State, 923 S.W.2d 21, 27 (Tex. Crim. App. 1996). Here, although the jury
was given the definition of "recklessly," it was authorized to find appellant guilty of
aggravated assault only if it found that he "intentionally or knowingly" caused bodily
harm to Lindsey. We presume that the jury followed this instruction. See Luquis v.
State, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002) (presuming that jury followed
instruction not to consider parole and good conduct time). Appellant does not direct
us to any evidence that the jury did not follow the instructions in the application
paragraph, and our review of the record reveals none. Furthermore, no reference to
any act by appellant as reckless was made during the trial or in closing arguments by
either the State or appellant. (1) When the application paragraph correctly instructs the
jury, a superfluous abstract definition is not egregious. Medina v. State, 7 S.W.2d
633, 640 (Tex. Crim. App. 1999) (citing Plata v. State, 926 S.W.2d 300, 302-03
(Tex. Crim. App. 1996)). 

 We hold that appellant has not met his burden of showing egregious harm. We
further hold that the trial court's inclusion of the definition for the term "reckless" in
the abstract portion of the charge to the jury was harmless error. 

 Accordingly, we overrule appellant's second issue. 

CONCLUSION


 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Publish. Tex. R. App. P. 47.2(b). 
1. However, in his appellate brief, appellant argues that he was, in fact, reckless
and therefore did not shoot Lindsey intentionally or knowingly.