**Affirmed and Memorandum Opinion filed January 29, 2013.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00991-CR**

_____

**MAURO LIMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11CR0083**

## MEMORANDUM OPINION

A jury convicted appellant, Mauro Limas, of possessing cocaine with the intent to deliver it. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2010). Appellant contends that an extraneous offense instruction and a mental state

instruction in the jury charge were "so egregious and created such harm that [he] did not have a fair and impartial trial." *Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009) (internal quotation marks omitted). We disagree, concluding that neither instruction caused appellant egregious harm. We therefore affirm appellant's conviction.

## BACKGROUND

On January 11, 2011, appellant was driving in Texas City when, without signaling, he made a u-turn that crossed three traffic lanes. In the process, he nearly collided with an unmarked police vehicle. The officers in the police vehicle then initiated a traffic stop and learned that appellant's license to drive was suspended and that he had no proof of insurance. An officer asked appellant to exit the car, intending to arrest him for driving with a suspended license. *See* Tex. Transp. Code Ann. § 521.457(a)(2) (West 2007). The officer then noticed two large bulges in appellant's jacket. A search revealed that the bulges were two 1.02-ounce bags of cocaine with a street value of approximately $2,700 each. The only issue at trial was whether appellant intended to deliver this cocaine. A jury concluded that he did and convicted him of possession of cocaine with the intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112.

## ANALYSIS

Appellant now appeals, arguing that two alleged errors in the jury charge require reversal of his conviction: (1) the trial court improperly instructed the jury to consider appellant's uncharged driving offenses in determining whether he intended to distribute the cocaine; and (2) the trial court impermissibly expanded the scope of appellant's indictment by instructing the jury that it could convict if

2

appellant possessed the cocaine knowingly or intentionally when the indictment only alleged that appellant knowingly possessed the cocaine.

## I.     Standard of Review

We review a claim of jury-charge error in a criminal case using a two-step procedure. The first step is to determine whether there is error in the charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If there was error and appellant objected to the error at trial, reversal is required if the error "is calculated to injure the rights of the defendant," meaning that there is "some harm." *Id.* (quotation omitted). If the error was not objected to, it must be "fundamental" and requires reversal only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id.* (internal quotation marks omitted). Here, appellant concedes that he failed to object to either instruction, so we apply a fundamental error standard.

## II.     The trial court's extraneous offense instruction did not cause egregious harm.

The trial court instructed the jury as follows:

[I]f there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case . . . then you may only consider the same in determining the intent of the Defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

Appellant does not argue that the instruction incorrectly stated the law, but contends instead that the only extraneous offenses before the jury were reckless driving, driving without a valid license, failing to signal before turning, and making an illegal u-turn. Because these offenses are irrelevant to whether he intended to deliver cocaine, appellant argues that the trial court erred by instructing

3

the jury that it could consider the offenses in determining his intent. The State does not argue that the instruction was correct, but contends that any error in the instruction was not fundamental.

Because neither party contends that the instruction was proper, we will assume that it was error. *See Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994) ("[A] limiting instruction is not necessary where the extraneous offenses are so dissimilar to the charged offense that the jury cannot mistakenly draw a connection between the charged offense, and the extraneous offenses."). In the absence of an objection, we limit our analysis to whether the harm resulting from the error was such that appellant did not have a fair and impartial trial. *Barrios*, 283 S.W.3d at 350. We conclude that any harm resulting from the instruction did not rise to this level.

Appellant's assertion that driving offenses are irrelevant to an intent to deliver cocaine demonstrates the very reason that the instruction was harmless. The instruction neither suggested nor required that the jury draw any particular inference about appellant's intent based upon the other offenses he committed. Rather, it permitted the jury to assign these offenses their appropriate relevance "in determining the intent of the Defendant . . . in connection with the offense . . . alleged against him in the indictment." If the jury followed this instruction, the nature of appellant's driving offenses compelled the conclusion now urged by both parties: the offenses were entirely irrelevant to appellant's intent regarding the cocaine. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) ("[W]e generally presume the jury follows the trial court's instructions . . . ."). In sum, while it may have been error, it cannot have been egregiously harmful for the jury to consider the defendant's extraneous offenses and reach the unavoidable

4

conclusion that they were logically irrelevant to his intent.  We overrule appellant's first issue.

### III.  The trial court's addition of an uncharged mental state of intentional possession did not cause egregious harm.

In his second issue, Appellant contends the trial court erred by instructing the jury that it could convict him if it found that he "intentionally" possessed cocaine with the intent to deliver it because this instruction "improperly expanded the scope of the charge against [him]" in the indictment.  The indictment charged that appellant "knowingly possess[ed], with intent to deliver, a controlled substance, namely cocaine."  The court instructed the jury to find appellant guilty if, among other things, it found beyond a reasonable doubt that he "*intentionally, or knowingly* possess[ed], with intent to deliver, a controlled substance, to-wit: cocaine."  (Emphasis added).

To support his argument, appellant cites cases in which the jury charge erroneously permitted conviction upon a finding that the defendant possessed a *less* culpable mental state than that alleged in the indictment.  In those cases, "the inclusion in the jury instructions of a lower culpable mental state than that charged in the indictment can lead to the possibility that the defendant was convicted of an offense that is allowed under the statute but was not alleged in the indictment."  *Reed v. State*, 117 S.W.3d 260, 264 (Tex. Crim. App. 2003).  This defect deprives the defendant of the notice necessary for an "adequate opportunity to prepare and present a defense." *See id*. at 267 (Johnson, J., concurring).

In this case, however, the charge included an instruction on a *more* culpable mental state as well as on the mental state alleged in the indictment.  The Penal Code itself provided appellant with notice that the State could seek to prove the

less culpable mental state through proof of the more culpable one. *See* Tex. Penal Code Ann. § 6.02(e) (West 2011) ("[p]roof of a higher degree of culpability than that charged constitutes proof of the culpability charged"). Because "intentionally" is a higher degree of culpability than "knowingly," the State could prove that appellant possessed the cocaine knowingly, as alleged in the indictment, by proving that he possessed it intentionally. *See id.*

We fail to see how adding a jury instruction on a more culpable mental state could have egregiously harmed appellant. The intentional mental state about which appellant complains is more difficult for the State to prove, and the jury had to find at least the knowing mental state alleged in the indictment before it could convict appellant. Moreover, any error in instructing the jury on the mental state required to prove possession could not have harmed appellant because he did not contest the element of possession at trial. Instead, the parties' dispute focused on whether appellant intended to distribute the cocaine. In fact, appellant's counsel urged the jury to convict appellant of the lesser included offense of possession, which the charge similarly defined with the mental states of "intentionally or knowingly."

Appellant argues that adding the mental state of intentional possession was nevertheless harmful because it removed a "logical flaw" in the indictment. According to Appellant, "[i]f a person . . . only knowingly possessed [an] item, then it would be logically impossible for the same person to have an intent to deliver that same item to a third person." By adding intentional possession to the charge, Appellant contends, the court removed this flaw and made it more likely that the jury would find he had an intent to deliver.

We disagree.  Regardless of whether intentional possession was included in the charge, section 6.02(e) of the Penal Code allowed the State to use evidence of intentional possession to prove the knowing possession alleged in the indictment. Thus, the indictment did not constrain the State to prove its case using the questionable logic appellant suggests.

For these reasons, we hold that Appellant failed to show that it was fundamental error for the court to add a more culpable mental state to the jury instructions concerning an undisputed element of the offense.  We overrule his second issue.

CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

/s/          J. Brett Busby
             Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish—Tex. R. App. P. 47.2(b).

7